ELISHA LEWIS *et al.*

*v.*

JOSHUA HARSH.

ASSUMPSIT—*when it will lie.* A party who, as agent of a manufacturing company, sold a threshing machine, receiving from the purchaser two notes, executed by a third person, for a greater amount than the balance due on the machine, in payment, personally promising to pay to the purchaser, when the notes were collected, the overplus, upon the notes being paid, was held personally liable in an action by the purchaser for such overplus.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Mr. C. A. LAKE, for the appellants.

Mr. W. H. RICHARDSON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, brought to the Kankakee circuit court by Joshua Harsh against Elisha Lewis and William J. Beebe. The declaration was on the common counts and on an account stated, and a verdict and judgment for the plaintiff.

It seems from the evidence that the plaintiff, in conjunction with one Maine, had purchased of defendants, a threshing machine at the price of $650, the one-half of which was paid by Maine, and to pay the other half the plaintiff endorsed two notes he held against Joel and John Harter, which, with the interest then due upon them, amounted to about $450, and delivered them to the defendants on their promise to return to the plaintiff the overplus after paying themselves $325, his half of the machine. The Harter notes were duly paid, and the action was brought for the overplus which the defendants had refused to pay to the plaintiff. On the trial both parties were sworn, and though it was attempted to be shown that the defendants were acting as agents, merely, of the manufacturers of the machine, yet the proof was decided that they personally promised the plaintiff to pay him the overplus of the Harter notes when collected. On this promise they are personally liable, and as they collected the Harter notes, and refused to pay the overplus as promised, the right of action by the plaintiff was complete, and the jury found the amount of the overplus to be $125, of which the plaintiff remitted six dollars and seventy cents, and the court rendered judgment for the residue. The evidence fully sustains the verdict, and we perceive no error in the manner in which the court disposed of the instructions, and see no error in the record. The judgment must be affirmed.

*Judgment affirmed.*